IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JACK B. BLAKE and CLEVELAND COMPANY, INC.,** ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION |
| v. ) ) | No. 01-2073-CM |
| **TRANSCOMMUNICATIONS, INC.,** ) ) | |
| Defendant, ) ) ) | |
| v. ) ) | |
| **CHUBB GROUP OF INSURANCE COMPANIES and FEDERAL INSURANCE COMPANY,** ) ) ) ) | |
| Garnishees. ) ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiffs Jack B. Blake and Cleveland Company, Inc.'s Motion for Judgment Against Garnishee (Doc. 72), garnishee Federal Insurance Company's Motion for Leave to File Out of Time Its Answer to Order of Garnishment (Doc. 77), and plaintiffs' Motion to Strike Garnishee Federal Insurance Company's Reply Memorandum in Support of Its Motion for Leave to File Out of Time (Doc. 80).

**I.     Facts**

This court entered a judgment on February 4, 2004, against defendant Transcommunications, Inc. in the amount of $1,150,000 plus interest.  At plaintiffs' request, the clerk of the court issued an amended

-

order of garnishment to garnishee Federal Insurance Company ("Federal") on January 14, 2005. Plaintiffs served the amended order of garnishment on Federal's registered agent on or about January 21, 2005. Pursuant to Kan. Stat. Ann. § 60-736(b), Federal's answer of garnishee was due on or about January 31, 2005.

On or about January 22, 2005, Yolanda Day, a paralegal for Chubb & Son ("Chubb"), a division of Federal, who works out of Chubb's Warren, New Jersey, office, received plaintiffs' garnishment documents. Ms. Day's duties include responding to subpoena requests for documents and information. Ms. Day reviewed the garnishment documents, but was not familiar with them and had not dealt with a garnishment matter before. She conducted a computer search to determine whether one of the parties was ever insured by one of the Chubb-related entities. Her search identified a policy for Transcommunications, Inc. and a claims adjuster, Mary Ann Alsnauer, assigned to the policy.

On January 25, 2005, Ms. Day faxed the garnishment documents to Ms. Alsnauer in Chubb's Pittsburgh, Pennsylvania, office for completion. Ms. Alsnauer subsequently called Ms. Day and indicated that she did not know how to fill out the garnishment documents and that no claim had been made under Transcommunications, Inc.'s policy. Ms. Day advised Ms. Alsnauer to write "Not Applicable" on all sections that did not apply. Ms. Alsnauer completed and returned to Ms. Day the answer of garnishee on January 31, 2005. Because the original underwriter on the policy was no longer employed by Chubb, Ms. Day faxed the garnishment documents to underwriter supervisor Heather A. Teed on January 31, 2005. Although Ms. Teed normally works out of the Nashville, Tennessee, office, she was visiting the Charlotte, North Carolina, office at the time in question. Ms. Teed completed a second answer of garnishee and dated

-

it January 31, 2005. Ms. Teed then gave the garnishment document to an employee of the Charlotte, North Carolina, office, who sent it to Ms. Day via regular mail.

Ms. Day received the garnishment documents on February 7, 2005, and immediately mailed the two completed answers of garnishee to plaintiffs' attorney.[1] Because Ms. Day assumed that the documents were subpoenas, she did not know that the documents had to be filed with the court.

In the meantime, on February 2, 2005, plaintiffs filed their motion for judgment against Federal. After receiving plaintiffs' motion for judgment, Federal contacted plaintiffs' counsel on February 11, 2005, to explain the reason for delay. Counsel for Federal filed an entry of appearance with this court on February 22, 2005, and requested an extension of time to respond to plaintiffs' motion for judgment. On March 8, 2005, Federal filed its motion for leave to file its answer out of time pursuant to Fed. R. Civ. P. 6(b), 69(a), and Kan. Stat. Ann. § 60-206(b).

The issue before the court is whether Federal has demonstrated excusable neglect for not filing its answer of garnishee within ten days after being served, or by January 31, 2005, pursuant to Kan. Stat. Ann. § 60-736.

## II.     Standard

"Under Rule 69(a) of the Federal Rules of Civil Procedure, a federal court must follow relevant state law in a proceeding to execute on a judgment, unless a federal statute dictates otherwise." *Schrieber v. Kellogg*, 50 F.3d 264, 267 (3rd Cir. 1995). However, this court, in at least one prior case with a similar issue has found that "Kansas procedural law governs the execution of judgment in [a] garnishment action." *McCoy v. Lafaut*, 813 F. Supp. 1508, 1511 (D. Kan. 1993). Federal Rule of Civil Procedure 6(b)(2)

---

[1] Ms. Day inadvertently dated the cover letter to Mr. Logan January 7, 2005.

appears to provide the standard for enlargement of time based upon excusable neglect in federal court. Under Kansas law, Kan. Stat. Ann. § 60-206(b) similarly gives a judge discretion to grant an enlargement of time to a party after the time for answer has passed upon a showing of excusable neglect. Thus, under either Fed. R. Civ. P. 6(b)(2) or Kan. Stat. Ann. 60-206(b), the court should consider whether the failure to timely answer was due to excusable neglect. "The Kansas Supreme Court ascribes no precise definition to the term 'excusable neglect' as used in the statute, and requires a case-by-case analysis." *McCoy*, 813 F. Supp. at 1513 (citing *Bank of Whitewater v. Decker Invs., Inc.*, 710 P.2d 1258, 1264 (Kan. 1985)). Rather, "'[t]he trial court should consider the circumstances under which the neglect to act occurred as well as the effect of an enlargement upon the rights of all parties affected thereby.'" *Id.* (quoting *Boyce v. Boyce*, 476 P.2d 625, 628 (Kan. 1970)). "The obvious purpose of the enlargement of time statute is to allow a trial court some discretion in order to prevent a miscarriage of justice which might occur if blind adherence to set time periods were otherwise required." *Boyce*, 476 P.2d at 628.

In determining whether neglect was excusable, federal courts consider four factors: "'the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

**III.    Analysis**

The court finds that the parties are correct in their conclusion that, pursuant to Kan. Stat. Ann. § 60-736, Federal was required to file its answer of garnishee within ten days, even though this case is in federal

-4-

court. However, in this case, the court finds that Federal may file its answer out of time based upon the court's finding of excusable neglect under both Fed. R. Civ. P. 6(b)(2) and Kan. Stat. Ann. § 60-206(b). *See McCoy*, 813 F. Supp. at 1513 (permitting plaintiff to file her reply out of time, even though plaintiff's reply was filed over nineteen months after garnishee filed its answer; the court found no prejudice to garnishee).

The court finds that plaintiffs have not shown any prejudice in Federal's failure to file its answer of garnishee within the ten-day period. Federal's answer of garnishee was provided to plaintiffs' counsel seven days after it was due to be filed, and Federal moved swiftly to correct its failure to file the answer once it realized the answer should have been filed with the court. The court further finds that Federal's reasons for delay were reasonable and excusable, and that Federal was diligently preparing its answer, despite the fact that it failed to file the answer with the court until it was put on notice by plaintiffs' motion for judgment. The court further finds no bad faith on Federal's part. In fact, Federal communicated directly with plaintiffs' counsel about its answer of garnishment and has submitted itself to this court's jurisdiction for a determination of whether it is liable for the judgment against Transcommunications, Inc.

Considering the circumstances, including Federal's actions once it received the garnishment, the very short delay in Federal's provision of its answer of garnishee to plaintiffs, and Federal's prompt filing of its motion for leave to file its answer of garnishee out of time once it realized the answer should have been filed with the court, the court finds that Federal has met the excusable neglect standards under both Fed. R. Civ. P. 6(b)(2) and Kan. Stat. Ann. § 60-206(b). Having considered the gravity of strictly adhering to the ten-day deadline set out by Kan. Stat. Ann. § 60-736 and entering a judgment against Federal for the $1,150,000 plus interest without a more fully developed record, when it is not clear that Federal is liable to

-5-

plaintiffs for the judgment against Transcommunications, Inc., the court, within its discretion, denies plaintiffs' motion for judgment on the pleadings.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Judgment Against Garnishee (Doc. 72) is denied.

**IT IS FURTHER ORDERED** that garnishee Federal Insurance Company's Motion for Leave to File Out of Time Its Answer to Order of Garnishment (Doc. 77) is granted, and Federal's answer of garnishee shall be filed upon Federal's receipt of this Order.[2]

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Strike Garnishee Federal Insurance Company's Reply Memorandum in Support of Its Motion for Leave to File Out of Time (Doc. 80) is denied.

**SO ORDERED**.

Dated this 29th day of September 2005, at Kansas City, Kansas.

                                                s/ Carlos Murguia
                                                **CARLOS MURGUIA**
                                                **United States District Judge**

---

[2] Federal's answer of garnishee has been attached only as an exhibit to Federal's motion for leave to file its answer out of time and should be separately filed upon entry of this Order.