IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACK B. BLAKE and CLEVELAND COMPANY, INC., ) ) ) Plaintiffs/Judgment Creditors, ) ) v. ) ) ) TRANSCOMMUNICATIONS, INC., ) ) Defendant/Judgment Debtor, ) ) FEDERAL INSURANCE COMPANY, ) ) Garnishee. ) ) | No. 01-2073-CM |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' Motion for Summary Judgment against Garnishee (Doc. 91) and Federal Insurance Company's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment (Doc 97).

**I.     Factual Background**[1]

Federal Insurance Company issued an insurance policy to defendant Transcommunications, Inc. ("Transcom") for the policy period April 1, 2000 to April 1, 2001 ("Policy"). The Policy covers loss incurred as a result of certain types of employment claims. The Policy also contains a reporting and notice provision that provides, "Any **Insured** shall, as a condition precedent to exercising their rights under this policy, give to the Company written notice as soon as practicable of any **Claim**." (Pl.'s Ex. G, FED 0015.)   The Policy was issued to defendant Transcom in Tennessee.

---

[1] The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record.

On February 9, 2001, plaintiffs filed this action against defendant Transcom.[2] Plaintiffs' claims arise from employment agreements. On March 26, 2002, the case was submitted to arbitration. On August 18, 2003, an arbitration award was entered against defendant Transcom in the amount of $1,150,000 plus interest. On February 4, 2004, this court affirmed the arbitration award and entered judgment against defendant Transcom. On September 20, 2004, Federal received a letter from plaintiffs' counsel informing it about this litigation, the arbitrator's award, and the judgment against defendant Transcom. Defendant Transcom had not submitted plaintiffs' claims for coverage; the letter was the first notice of plaintiffs' claims that Federal received. On January 13, 2005, plaintiffs filed a Request for Garnishment. The request seeks garnishment upon Federal, as defendant Transcom's insurer, for the judgment against defendant Transcom.

## II.     Standards for Judgment

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 569(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The filing of cross-motions for summary judgment does not change the standard of review. *James Barlow Family Ltd. P'ship v. David M. Munson Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) ("Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary

---

[2] Additional facts regarding the underlying employment action are presented in the court's February 4, 2004 Order and will not be repeated here.

judgment is nevertheless inappropriate if disputes remain as to material facts."). Summary judgment may be appropriate in a garnishment proceeding where, as here, the plaintiff-creditor, "who stands in the shoes" of the defendant-debtor, seeks to "take and enforce that which the defendant-debtor could enforce against his insurer." *Bergeson v. Dilworth*, 749 F. Supp. 1555, 1558 (D. Kan. 1990) (citing *Gilley v. Farmer*, 485 P.2d 1284 (Kan. 1971)).

**III.    Discussion**

Plaintiffs argue their claims are covered under the Policy. Federal argues that the Policy does not provide coverage because (1) Federal did not receive proper notice and (2) the Policy exclusions preclude coverage for plaintiffs' claims. Plaintiffs also seek attorney fees. The parties agree that Tennessee law governs the interpretation of the Policy.

As a condition precedent for coverage under the Policy, the insured must provide written notice to Federal "as soon as practicable." Federal argues that plaintiffs' notice did not satisfy the Policy's condition precedent because (1) Transcom did not notify Federal of the claims—the notice was from defendant and (2) plaintiff's notice was untimely. Federal cites no authority for its position that notice must come directly from Transcom. In a garnishment proceeding, the creditor takes the place of the debtor. *Gilley*, 485 P.2d at 1290. Here, plaintiffs, as defendant's creditors, stand in the shoes of defendant Transcom. The court, therefore, finds that plaintiffs' notice on behalf of defendant Transcom was valid and provided notice of the claims to Federal.

Defendant next contends that the notice was untimely because it was not provided "as soon as practicable." Plaintiffs gave Federal notice of these claims in September 2004, more than three and a half years after plaintiffs filed this lawsuit, a year after the arbitration award, and more than six months after judgment was entered by this court. Plaintiffs do not argue that notice was timely, but instead argue that defendant was not prejudiced as a result of the untimely notice.

The parties dispute whether Tennessee law requires Federal to establish that it was prejudiced by plaintiffs' untimely notice or whether Federal is entitled to a presumption of prejudice. The court need not determine this issue because either way plaintiff has the opportunity to rebut a showing or presumption of prejudice with evidence that the insurer was not prejudiced by the delay. *U.S. Fire Ins. Co. v. Vanderbilt Univ.*, 267 F.3d 465 at 470 (10th Cir. 2001) (holding that under Tennessee law an insured may rebut a presumption of prejudice by proffering competent evidence that insurer was not prejudiced by delay).

"Whether an insurer is prejudiced when the insured fails to give timely notice is determined by the court as a matter of law." *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1102 (D. Kan. 1993) (citing *Sec. Nat'l Bank v. Cont'l Ins. Co.*, 586 F. Supp. 139, 150 (D. Kan. 1982); *Montgomery v. Prof'l Mut. Ins. Co.*, 611 F.2d 818, 820 (10th Cir. 1980)). Where, as here, the liability is owed to a third party, an insurer is only prejudiced by untimely notice "if its ability to defend against [the] imposition of liability is diminished by the delay." *Hunt*, 841 F. Supp. at 1103 (citing *Home Life Ins. Co. v. Clay*, 11 719 P.2d 756, 762–63 (Kan. Ct. App. 1986)).[3] Prejudice may be "demonstrated as a matter of law simply by [an] inordinate delay and the events taking place during the delay." *Hunt*, 841 F. Supp. at 1102 (citing *Montgomery*, 611 F.2d at 820).

The delay in this case was excessive—more than three years after the suit was filed—and significant events took place during the delay, events that prohibited Federal from representing its interests in this litigation and hindered its ability to defend against the alleged liability. Plaintiffs' untimely notice prevented Federal from participating in many important aspects of this litigation, including the primary stages of the litigation; the decision to arbitrate the claims; discovery and

---

[3] The parties appear to agree that Kansas law applies to this issue. The court, however, need not address this issue, as it has reviewed the applicable Tennessee law and finds that the result would be the same under both Tennessee and Kansas law.

-4-

investigation of the claims; settlement negotiations; the arbitration proceeding; and this court's confirmation of the arbitration award. Plaintiffs argue that Federal was not prejudiced by their untimely delay because its insured, defendant Transcom, participated in these events. The court finds this unpersuasive. Defendant Transcom did not represent Federal's interests in this litigation. Federal may have managed and analyzed the claims differently. By the time Federal received notice of these claims, the judgment against its insured was entered and plaintiffs were requesting payment of the judgment. Federal was given no opportunity to participate in this litigation. Federal has shown it was prejudiced by the untimely notice, and plaintiffs have not presented any evidence to the contrary. After reviewing the record and the arguments present by the parties, the court finds that the untimely notice prejudiced Federal as a matter of law. The court further finds that Federal did not receive notice as required under the Policy. Defendant's motion for summary judgment is granted. Plaintiffs' garnishment is dismissed. Because the court determines that defendant is entitled to summary judgment, the court will not address the parties' remaining arguments.

Plaintiffs' request for attorney fees is also denied. Plaintiffs seek attorney fees under K.S.A. § 40-256. Attorney fees under K.S.A. § 40-256 are allowed only when judgment is rendered against the insurance company and the insurance company refuses to pay without just cause. No judgment is enter against Federal and, for the reasons explained above, Federal had just cause to dispute coverage under the Policy.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment against Garnishee (Doc. 91) is denied.

**IT IS FURTHER ORDERED** that Federal Insurance Company's Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment (Doc. 97) is granted.

-6-

Dated this 26th day of July 2007, at Kansas City, Kansas.

                                   **s/ Carlos Murguia**
                                   **CARLOS MURGUIA**
                                   **United States District Judge**